UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-01356 (D.D.C.) (RC) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF JOHN E. CUNNINGHAM III

I, John E. Cunningham III, declare the following to be a true and correct statement of facts:

1.  I am a Trial Attorney in the United States Department of Justice (DOJ), Criminal Division (the "Criminal Division"), and am currently assigned to the Freedom of Information Act ("FOIA") and Privacy Act ("PA") Unit, a component of the Office of Enforcement Operations ("OEO"), where I have worked since November 7, 2011. I have been employed as a Trial Attorney with DOJ since October 1998. From October 13, 1998 to November 7, 2011, I was employed by the Fraud Section of the Criminal Division.

2.  OEO is a section that operates within the Criminal Division. OEO's primary role on behalf of the Criminal Division is to provide litigation support to other sections within the Division. OEO is composed of a number of components or "units," which includes the Fraud Section and the FOIA/PA Unit.

3.      The FOIA/PA Unit is responsible for processing FOIA/PA requests seeking information from the Criminal Division. FOIA/PA Unit staff determine whether the Criminal Division maintains records responsive to FOIA requests, and if so, whether they can be released in accordance with the FOIA/PA. In processing such requests, the FOIA/PA Unit consults with personnel in the other sections of the Criminal Division, and when appropriate, with other components within the DOJ, as well as with other Executive Branch agencies.

4.      In my capacity as an Attorney in the FOIA/PA Unit, and in conjunction with the Chief, Deputy Chief and Associate Chief of the FOIA/PA Unit, I assist in supervising the handling of FOIA and PA requests processed by the FOIA/PA Unit. I am responsible for providing litigation support and assistance to Assistant United States Attorneys and Civil Division-Federal Program Trial Attorneys who represent the DOJ in lawsuits filed in federal court under the FOIA, 5 U.S.C. § 552 (2006 & IV 2010), and the PA, 5 U.S.C. § 552a, stemming from requests for Criminal Division records.

5.      In providing such support and assistance, I review and process files compiled in response to FOIA/PA requests received by the Criminal Division to determine whether searches were properly conducted and whether decisions to withhold or release Criminal Division records were in accordance with the FOIA, the PA, and DOJ regulations at 28 C.F.R. §§ 16.1 *et seq.* and §§ 16.40 *et seq.* If searches are incomplete and/or records have not been processed, I ensure that searches are completed, and/or records are processed. Then, I take the lead in the completion of any pending searches or processing of Criminal Division records. I regularly consult with the Chief, Deputy Chief, and Associate Chief of the FOIA/PA Unit, Government Information Specialists, and other members of the unit about the Criminal Division's searches and processing of FOIA/PA requests. I also consult with officials and employees in Criminal Division sections

where responsive records are located and with other DOJ components that have equities in responsive records.

6. Due to the nature of my official duties, I am familiar with the procedures followed by the Criminal Division in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the PA, 5 U.S.C. § 552a. The statements that follow are made on the basis of my review of the Criminal Division's official files and records, my own personal knowledge, and on the basis of information I acquired in the course of performing my official duties in the FOIA/PA Unit.

**Plaintiff's FOIA Request and the Criminal Division's Search for Responsive Records**

7. On June 7, 2018, Plaintiff Judicial Watch filed their civil complaint in the United States District Court for the District of Columbia. See Dkt. Doc. No. 1. In the complaint, Plaintiff noted that on December 15, 2017, Plaintiff submitted a FOIA request to Defendant seeking records for the timeframe specified:

>  1. Any and all text messages sent to or from DOJ official Andrew Weissmann regarding Donald Trump and/or Hillary Clinton between August 8, 2016 and the present.
> 
>  2. Any and all calendar entries, whether in physical or electronic form, for DOJ official Andrew Weissmann from January 1, 2015 to the present.

See Dkt. Doc. No. 1, at page 2.

8. On or about December 26, 2017, Plaintiff's FOIA request was received by the DOJ's Mail Referral Unit (MRU), and then MRU re-routed it to the Criminal Division's FOIA/PA Unit where it was received on January 3, 2018. Consistent with Criminal Division practice, the Criminal Division's FOIA/PA Unit opened a file for the request, and assigned it case number CRM-300677302.

9. On August 24, 2018, the FOIA/PA Unit sent a search request to the Fraud Section seeking access to Andrew Weissmann's (hereinafter "Weissmann") calendar. Specifically, the FOIA/PA Unit requested Weissmann's Outlook calendar entries in the "Calendar Details Style" from January 1, 2015 to January 31, 2018. On August 30, 2018, the Fraud Section completed its search and produced a binder and emailed a copy of responsive documents to the FOIA/PA Unit. As a result of this initial search, the Fraud Section provided the FOIA/PA Unit with a total of 925 pages of documents.

10. On September 13, 2018, the FOIA/PA Unit sent the Fraud Section a supplemental search request seeking all attachments to the Weissmann calendar entries. On September 18, 2018, the Fraud Section informed the FOIA/PA Unit that it had completed its' supplemental search and that the responsive records would be delivered to the FOIA/PA Unit via flash drive. As a result of the supplemental search conducted by the Fraud Section, a flash drive containing 358 attachments to the Weissmann calendar entries, which further corresponded to 9,386 pages of records, was delivered to the FOIA/PA Unit. By combining the 9,386 pages of records from the supplemental search with the 925 pages from the initial search, a total of 10,311 pages of records were produced as a result of these searches.

11. In drafting the Criminal Division's *Vaughn* Index, the undersigned declarant reviewed and processed a total of 162 responsive pages of calendar entries, which start on the date of December 29, 2014, and end on the date of February 4, 2018. The Criminal Division did not deem the calendar attachments as responsive records, which excluded 10,149 pages of records from processing.

**Exempt Information Properly Withheld**

12. Attached to this declaration is the Criminal Division's *Vaughn* Index, see Exhibit 1, which contains a detailed description of the Weissmann calendar entries numbered "Entry 1" through "Entry 586." On May 2, 2019, the Criminal Division responded to Plaintiff's FOIA request and related that 162 pages of responsive records had been located. After having reviewed and processing the records, the Criminal Division determined that thirty-seven pages were appropriate for release in full and 125 pages were appropriate for release in part subject to FOIA Exemptions (b) (5), (b) (6), (b) (7) (A), (b) (7) (C) and (b) (7) (E). See Exhibit 2, attached hereto.

**Exemption (b) (5).**

13. The Criminal Division is withholding in part Weissmann calendar entries: 1-9, 11-25, 27-28, 30-33, 35-46, 48-53, 55-56, 58, 62-67, 69, 71, 75-77, 79-90, 92-93, 95-98, 100-02, 104-09, 111-13, 115, 117-21, 123, 125-28, 131, 134-35, 137-43, 145, 148-50, 152-65, 168, 170-72, 174, 176-77, 180-82, 184-85, 191-92, 194-95, 197, 199-202, 204-10, 212-13, 215-21, 223-24, 226-30, 232, 234, 236-43, 249-50, 253-55, 257-59, 261-62, 264-67, 271-73, 276-77, 281-83, 286-93, 295-96, 298-99, 301, 303-05, 308, 312-14, 316-18, 320, 322, 324-27, 329-37, 339-42, 344-46, 356-57, 359-68, 371-77, 379, 381-92, 396, 399, 405, 408-12, 414, 417, 421-24, 426-31, 434-38, 440, 442-49, 451-53, 460, 462-84, 486-93, 495-96, 498-99, 501-03, 505-10, 514-16, 520-21, 523-27, 529, 531-37, 539, 541-43, 545-49, 551, 553, 557-61, 563-67, 570-72 and 580, as described in Exhibit 1, pursuant to FOIA Exemption 5.

14. Exemption 5 permits the withholding of "inter- or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" (i.e., attorney-client communications, attorney work-product and deliberative process materials). 5 U.S.C. § 552(b) (5). Inasmuch as the records Plaintiff seek were created and

exchanged within DOJ, there can be no question that they are "intra-agency," and therefore, fall within the threshold of Exemption 5. The deliberative process privilege, relied upon by the Criminal Division to withhold in part Weissmann calendar entries 1-9, 11-25, 27-28, 30-33, 35-46, 48-53, 55-56, 58, 62-67, 69, 71, 75-77, 79-90, 92-93, 95-98, 100-02, 104-09, 111-13, 115, 117-21, 123, 125-28, 131, 134-35, 137-43, 145, 148-50, 152-65, 168, 170-72, 174, 176-77, 180-82, 184-85, 191-92, 194-95, 197, 199-202, 204-10, 212-13, 215-21, 223-24, 226-30, 232, 234, 236-43, 249-50, 253-55, 257-59, 261-62, 264-67, 271-73, 276-77, 281-83, 286-93, 295-96, 298-99, 301, 303-05, 308, 312-14, 316-18, 320, 322, 324-27, 329-37, 339-42, 344-46, 356-57, 359-68, 371-77, 379, 381-92, 396, 399, 405, 408-12, 414, 417, 421-24, 426-31, 434-38, 440, 442-49, 451-53, 460, 462-84, 486-93, 495-96, 498-99, 501-03, 505-10, 514-16, 520-21, 523-27, 529, 531-37, 539, 541-43, 545-49, 551, 553, 557-61, 563-67, 570-72 and 580, as described below, fall within the ambit of a privilege against discovery covered by Exemption 5.

15. To qualify for the deliberative process privilege, an agency record must be both pre-decisional and deliberative. The deliberative process privilege protects the quality of agency decision-making by permitting open and frank discussion between subordinates and superiors, protecting against premature disclosure of proposed policies, and protecting against the public confusion that might result for disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. See, e.g., Jordan v. U.S. Dep't of Justice, 591 F.2d 753, 772-773 (D.C. Cir. 1978) (en banc); Miller v. U.S. Dept. of Justice, 872 F. Supp. 2d 12, 24 (U.S.D.C. 2012).

16. The records withheld in this case on the basis of Exemption 5 are Weissmann calendar entries which concern meetings, briefings and strategy discussions for both ongoing and prospective litigation and/or investigative matters, and include case specific details related to

business entities and/or named individuals as well as certain information related to their underlying investigation and/or prosecution.

17. These records are protected by the deliberative process privilege because they are both pre-decisional and deliberative. First, these records contain factual information in the form of both active, ongoing litigation and prospective investigative matters in which the Fraud Section and their Trial Attorneys have been assigned. Second, the records reflect meetings, briefings and discussions between the Chief of the Fraud Section and subordinate Trial Attorneys to discuss the status of active, ongoing litigation and/or prospective investigative matters. Release of this information could have a chilling effect on frank and open discussions between the Chief of the Fraud Section and subordinate Trial Attorneys concerning the status of active, ongoing litigation and/or prospective investigative matters.

18. Weissmann calendar entries 1-9, 11-25, 27-28, 30-33, 35-46, 48-53, 55-56, 58, 62-67, 69, 71, 75-77, 79-90, 92-93, 95-98, 100-02, 104-09, 111-13, 115, 117-21, 123, 125-28, 131, 134-35, 137-43, 145, 148-50, 152-65, 168, 170-72, 174, 176-77, 180-82, 184-85, 191-92, 194-95, 197, 199-202, 204-10, 212-13, 215-21, 223-24, 226-30, 232, 234, 236-43, 249-50, 253-55, 257-59, 261-62, 264-67, 271-73, 276-77, 281-83, 286-93, 295-96, 298-99, 301, 303-05, 308, 312-14, 316-18, 320, 322, 324-27, 329-37, 339-42, 344-46, 356-57, 359-68, 371-77, 379, 381-92, 396, 399, 405, 408-12, 414, 417, 421-24, 426-31, 434-38, 440, 442-49, 451-53, 460, 462-84, 486-93, 495-96, 498-99, 501-03, 505-10, 514-16, 520-21, 523-27, 529, 531-37, 539, 541-43, 545-49, 551, 553, 557-61, 563-67, 570-72 and 580, involve working meetings, briefings, deliberations and discussions involving active, ongoing litigation and/or prospective investigative matters. The information contained within these calendar entries is deliberative because it includes material that was compiled to assist the Chief of the Fraud Section, *i.e.*, the

*de facto* supervisory/manager and/or the decision-maker in reaching conclusions regarding active, ongoing litigation and/or pending or prospective investigative matters. These calendar entries reflect deliberations regarding both litigation and investigative matters, which have not concluded and reflect and show internal discussions and deliberations within and amongst Trial Attorneys and the Chief of the Fraud Section. Because these calendar entries precede the conclusion of litigation and/or prospective investigative matters, they are predecisional. Disclosure of this information would undermine the ability of attorneys to freely engage in the candid "give and take," thereby chilling the open sharing of thoughts and impressions that is required in the development of well-reasoned litigation and/or prospective investigative matters. Disclosure of this information is further likely to confuse the public regarding the Fraud Section's internal *modus operandi* as it relates to the development of litigation and/or pending or prospective investigative matters.

19. The attorney work-product doctrine of FOIA Exemption 5 shields materials prepared by or at the direction of an attorney in reasonable anticipation of litigation. The anticipated litigation can include criminal matters as well as civil and administrative proceedings, and courts have concluded that protection extends to documents prepared in anticipation of both pending litigation and foreseeable litigation even where no specific claim is contemplated. Litigation need not come to fruition in order for the doctrine to attach. The doctrine protects any part of a document prepared in anticipation of litigation, not just the portions concerning opinions and legal theories, and is intended to protect an attorney's opinions, thoughts, impressions, interpretations, and analyses.

20. Weissmann calendar entries 1-9, 11-25, 27-28, 30-33, 35-46, 48-53, 55-56, 58, 62-67, 69, 71, 75-77, 79-90, 92-93, 95-98, 100-02, 104-05, 106-09, 111-13, 115, 117-21, 123,

125-28, 131, 134-35, 137-43, 145, 148-50, 152-65, 168, 170-72, 174, 176-77, 180-82, 184-85, 191-92, 194-95, 197, 199-202, 204-10, 212-13, 215-21, 223-24, 226-30, 232, 234, 236-43, 249-50, 253-55, 257-59, 261-62, 264-67, 271-73, 276-77, 281-83, 286-93, 295-96, 298-99, 301, 303-05, 308, 312-14, 316-18, 320, 322, 324-27, 329-37, 339-42, 344-46, 356-57, 359-68, 371-77, 379, 381-92, 396, 399, 405, 408-12, 414, 417, 421-24, 426-31, 434-38, 440, 442-49, 451-53, 460, 462-84, 486-93, 495-96, 498-99, 501-03, 505-10, 514-16, 520-21, 523-27, 529, 531-37, 539, 541-43, 545-49, 551, 553, 557-61, 563-67, 570-72 and 580, involve meetings, briefings and strategy discussions related to DOJ litigation matters, and fall squarely within the attorney work-product doctrine of Exemption 5. These calendar entries identify factual information regarding specific cases and investigations, and further involve discussions surrounding potential legal strategies, defenses and arguments that might be considered by federal prosecutors in various stages of litigation or investigation. Because these calendar entries identify specific litigation or investigative matters, the release of this information would fairly be expected to adversely affect DOJ's handling of pending and impending litigation, and investigative matters.

**Exemption (b) (7) Threshold.**

21.     Exemption (b) (7) of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the harms enumerated in the subpart of the exemption. *See* 5 U.S.C. § 552 (b) (7). In this case, the harm that could reasonably be expected to result from disclosure concerns information the release of which could be expected to interfere with enforcement proceedings (b) (7) (A), unwarranted invasion of personal privacy (b) (7) (C), and the disclosure of techniques, procedures or guidelines for law enforcement investigations or prosecutions (b) (7) (E).

22. Before an agency can invoke any of the harms enumerated in Exemption (b) (7), it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Law enforcement agencies such as the Criminal Division must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duties of that agency. Records responsive to the Plaintiff's FOIA request relate to active, ongoing litigation and/or prospective investigations of business entities and/or named individuals. Accordingly, the information at issue readily meets the threshold requirement of Exemption (b) (7).

**Exemption (b) (6) – Clearly Unwarranted Invasion of Personal Privacy and Exemption (b) (7) (C) – Unwarranted Invasion of Personal Privacy.**

23. Information protected from disclosure pursuant to FOIA's personal privacy exemptions were withheld in Weissmann calendar entries: 2-3, 5, 7, 10-11, 13-15, 17, 20-22, 24-26, 29-40, 42, 45-47, 49-51, 53-55, 57-64, 66-87, 91-100, 102-03, 105-36, 138, 140-76, 178-212, 214-31, 233-40, 242, 244-80, 282-313, 315-16, 318-35, 337-40, 342-45, 347-58, 362-64, 369-71, 373-76, 378, 380-90, 393-95, 397-98, 400-09, 411-16, 418-22, 424-29, 431-68, 470-71, 473-82, 484-85, 488-98, 500-23, 525-28, 530-34, 537-48, 550-52, 554-56, 558-76, 578-81 and 583-86. Exemption 6 exempts from disclosure "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b) (6). Exemption 7(C) safeguards from disclosure records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."[1]

---

[1] The practice of the Criminal Division's FOIA/PA Unit is to assert Exemption (b) (6) in conjunction with (b) (7) (C). Although the balancing test for (b) (6) uses a "would constitute a clearly unwarranted invasion of personal privacy" and the test for (b) (7) (C) uses the lower

**Balancing Test: Privacy Interests of Individuals versus Public Interest in Disclosure**

24. In order to withhold information pursuant to these two exemptions, the Criminal Division must balance the privacy interests of the individuals mentioned in these records against any public interest is disclosure, and find that the balance weighs in favor of non-disclosure. For purposes of this analysis, a public interest exists when information would shed light on the Criminal Division's performance of statutory duties. In each instance where information was withheld pursuant to Exemptions 6 and 7(C), the Criminal Division determined that the individual's privacy interests outweighed the dearth of public interest in the information.

25. The Criminal Division examined Weissmann calendar entries: 2-3, 5, 7, 10-11, 13-15, 17, 20-22, 24-26, 29-40, 42, 45-47, 49-51, 53-55, 57-64, 66-87, 91-100, 102-03, 105-36, 138, 140-76, 178-212, 214-31, 233-40, 242, 244-80, 282-313, 315-16, 318-35, 337-40, 342-45, 347-58, 362-64, 369-71, 373-76, 378, 380-90, 393-95, 397-98, 400-09, 411-16, 418-22, 424-29, 431-68, 470-71, 473-82, 484-85, 488-98, 500-23, 525-28, 530-34, 537-48, 550-52, 554-56, 558-76, 578-81 and 583-86, which contain the names and identifying information of the names of other third party individuals. The Criminal Division could not identify any discernable public interest. In particular, the Criminal Division could not determine how the disclosure of the names and identifying information of these individuals would shed any light on how the Criminal Division executes its statutory duties. Thus, the Criminal Division determined that the privacy interests of these individuals in protecting their names and identifying information from disclosure outweighed any public interest in disclosure, and that disclosure of the names and

---

standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under the analysis of both exemptions.

identifying information would constitute a clearly unwarranted and unwarranted invasion of personal privacy. As such, the Criminal Division properly withheld this information pursuant to Exemptions 6 and 7(C).

**Exemption (b) (7) (A) – Interference with Pending or Prospective Law Enforcement Proceedings.**

26. 5 U.S.C. § 552 (b) (7) (A) exempts the disclosure "[r]ecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." Application of this exemption requires: (a) the existence of law enforcement records, (b) a pending or prospective law enforcement proceeding, and (c) a determination that release of the information could reasonably be expected to interfere with an enforcement proceeding. The Criminal Division has exempted from disclosure a single Weissmann calendar entry: 573, pursuant to FOIA Exemption (b) (7) (A) because this record was created for the purpose of federal law enforcement and relates to a pending or prospective DOJ enforcement proceeding. The disclosure of the information contained therein would compromise, interfere and impede a pending or prospective DOJ law enforcement action.

**Exemption (b) (7) (E) – Disclosure of Techniques, Procedures and Guidelines for Law Enforcement Investigations and Prosecutions.**

27. Among the subparts of FOIA Exemption 7 is 5 U.S.C. § 552(b) (7) (E), which exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

28. In addition to Exemption 5, the FOIA/PA Unit's review of Weissmann calendar

entry 582, determined that portions of this record contains information exempt from disclosure under FOIA Exemption 7(E). The Criminal Division has exempted from disclosure Weissmann calendar entry: 582, pursuant to FOIA Exemption (b) (7) (E), because the record was created for the purpose of federal law enforcement and release of the information contained therein would disclose techniques, procedures and guidelines of enforcement investigations and prosecutions. Specifically, the information contained within calendar entry 582 relates to the organizational structure of the Office of Special Counsel, and disclosure of this information could provide individuals with information regarding how criminal investigations are initiated, organized and stood-up.

**Segregability**

29.Weissmann Calendar entries 225, 231, 252, 263, 268-69, 278, 284-85, 297, 300, 302, 306-307, 309-11, 319, 321, 328, 338, 343, 347-55, 358, 369-70, 378, 380, 394, 397-98, 400-03, 407, 413, 416, 418, 432-33, 439, 441, 450, 455, 458, 461, 485, 500, 504, 511-12, 517-19, 529-30, 540, 550, 552, 554, 569, 577-79, 581 and 583-586 have been withheld in their entirety because no meaningful portion of the documents could be released without triggering foreseeable harm to one or more of the interests protected by the cited FOIA Exemptions. Weissmann Calendar entries 1-224, 226-30, 232-51, 253-62, 264-67, 270-77, 279-83, 286-96, 298-99, 301, 303-05, 308, 312-18, 320, 322-27, 329-37, 339-42, 344-46, 356-57, 359-68, 371-77, 379, 381-93, 395-96, 399, 404-06, 408-12, 414-15, 417, 419-31, 434-38, 440, 442-49, 451-54, 456-57, 459-60, 462-84, 486-99, 501-03, 505-10, 513-16, 520-28, 531-39, 541-49, 551, 553, 555-68, 570-76, 580 and 582 were segregated, and released in part in response to Plaintiff's FOIA requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __7TH__ day of October, 2019.

_____
John E. Cunningham III